UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN WHITE,

           Plaintiff,

    v.

KELLER LADDERS, INC.,

           Defendant.

CASE NO. C04-300JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Defendant Keller Ladders, Inc. ("KLI") for a mistrial (Dkt. # 69), KLI's motion for judgment as a matter of law or for a new trial (Dkt. # 91), and Plaintiff John White's motion for a bill of costs (Dkt. # 83). For the reasons stated below, the court DENIES KLI's motions and GRANTS Plaintiff's motion in part.

## II. BACKGROUND

In April 2005, the jury returned a verdict finding KLI liable for a design defect in a ladder it manufactured that collapsed while Plaintiff used it to paint his home (Dkt. # 78). At trial, the parties offered contrasting views of the collapse. Plaintiff contended that he was using the ladder properly and that it collapsed as he descended it. In addition to Plaintiff's account of the collapse, Plaintiff relied on expert testimony from Robert

ORDER – 1

Leonard, a mechanical engineer who testified about the structural characteristics of the ladder and the forces it would be subjected to during a user's descent. KLI presented its own expert, Mack Quan, who testified that the ladder would not have failed during normal descent and that the evidence from the accident scene indicated that Plaintiff had used the ladder improperly. The parties did not contest that Plaintiff suffered serious injury to his left foot and leg.

KLI contends that there was no evidence to support the jury's liability verdict, and that it is entitled to judgment as a matter of law. In the alternative, it argues that it is entitled to a new trial because the verdict was against the manifest weight of the evidence and because Plaintiff's counsel's improper statements at trial prejudiced the jury. Plaintiff moves to recover his costs pursuant to 28 U.S.C. § 1920.

### III.  ANALYSIS

**A.  Judgment as a Matter of Law is Inappropriate Because Substantial Evidence Supports the Jury's Verdict.**

The court's review of a motion for judgment as a matter of law under Fed. R. Civ. P. 50 "mirrors" its review of a motion for summary judgment under Fed. R. Civ. P. 56. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must review the trial record and draw all inferences from the evidence in the light most favorable to the non-moving party. Id. The court must not make credibility determinations or weigh the evidence. Id. The court must disregard evidence favorable to the moving party, unless that evidence is uncontroverted or unimpeached. Id. at 151.

KLI's Rule 50 motion relies solely on its assertion that Mr. Leonard's testimony was unreliable under the standards for expert testimony announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), or was inadmissible under the court's prior orders. The court need not reach those arguments, however, if substantial evidence other

ORDER – 2

than Mr. Leonard's testimony supporting the jury's verdict. "'Substantial evidence' is admissible evidence that reasonable minds might accept as adequate to support a [jury's] conclusion." Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir. 1991).

Under Washington law, as incorporated by the parties in their jury instructions, a product suffers from a design defect if it is "not reasonably safe as designed." Pagnotta v. Beall Trailers of Ore., Inc., 991 P.2d 728, 732 (Wash. Ct. App. 2000). Either the risk utility test or the consumer expectations test are used to gauge the reasonable safety of a product. Id. A plaintiff need not point to a specific defect in a product to prove that it does not meet the consumer expectations test. Bruns v. PACCAR, Inc., 890 P.2d 469, 476 (Wash. Ct. App. 1995); Pagnotta, 991 P.2d at 733 (noting that even without evidence of "exactly how the design was deficient," the plaintiff may recover "by proving that the product did not perform in keeping with the reasonable expectations of the user"). Moreover, a plaintiff need not provide expert testimony to prove a design defect. Pagnotta, 991 P.2d at 733.

Putting aside Mr. Leonard's testimony, Plaintiff's testimony provides substantial evidence for the jury's verdict. Plaintiff testified that he had used the ladder on many occasions and had not damaged it prior to the date of the accident. He testified that he was painting his home with the ladder at a safe operating angle. He stated that he was taking a step down the ladder in normal use when he heard a "ping," followed quickly by a buckling on one side of the ladder. The ladder collapsed, causing his impact with the concrete path by the side of his home. From this testimony, a reasonable jury could conclude that the ladder was defective, as it could infer that Plaintiff's accident was one of a class of "accidents as to which there is common experience dictating that they do not ordinarily occur without a defect, and as to which the inference that a product is defective should be permitted." Bombardi v. Pochel's Appliance & TV Co., 518 P.2d 202, 204

ORDER – 3

(Wash. Ct. App. 1973). A reasonable jury could decide from Plaintiff's testimony that a ladder should not collapse under the conditions in which he was using it:

> If the product failed under conditions concerning which an average consumer of that product could have fairly definite expectations, then the jury would have a basis for making an informed judgment upon the existence of a defect.

Pagnotta, 991 P.2d at 773. Mr. Leonard's testimony might have bolstered the jury's verdict, but Plaintiff's testimony was enough:

> When the jury reasonably can find that the product is unchanged from the condition it was in when sold and the unusual behavior of the product is not due to any conduct on the part of the plaintiff or anyone else who has a connection with the product, logic dictates that it is a distinct possibility that there is some defect in the product.

Id. (quoting Brownell v. White Motor Corp., 490 P.2d 184, 187 (Ore. 1971)). Thus, KLI's challenges to Mr. Leonard's testimony, even if accepted, are an insufficient basis for judgment as a matter of law.

**B.   Neither the Evidence Nor Plaintiff's Counsel's Misconduct Warrant a New Trial.**

KLI seeks a new trial under Fed. R. Civ. P. 59 for two reasons. First, it argues that the jury's verdict was against the manifest weight of the evidence. Second, it argues that Plaintiff's counsel engaged in trial misconduct that prejudiced the jury.

**1.   The Verdict Was Not Against the Manifest Weight of the Evidence.**

A court has discretion to grant a new trial if it finds that the jury's verdict is "contrary to the clear weight of the evidence and the verdict results in the miscarriage of justice." City Solutions, Inc. v. Clear Channel Communications, Inc., 365 F.3d 835, 843 (9th Cir. 2004). Unlike its review of a motion for judgment as a matter of law, a court reviewing a motion for a new trial must weigh the evidence and credibility of witnesses. Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990).

ORDER – 4

In reviewing the evidence presented at trial, the court finds no basis for concluding that the jury reached a verdict against the clear weight of the evidence. As noted above, Plaintiff's testimony, if believed, was sufficient to establish that KLI's ladder failed in ordinary use. The only testimony contradicting Plaintiff's came from Mr. Quan, who testified that marks on the side of Plaintiff's house and other evidence indicated that Plaintiff had been using the ladder at an unsafe angle of as much as 45 degrees, ignoring the operating instructions. Quan Test. at 34-51. He also testified that Plaintiff may have improperly placed the base of the ladder on a board on the ground. Quan Test. at 50. Mr. Quan's findings of misuse supplemented his principal opinion that the KLI ladder would not fail under normal use by a person of Plaintiff's weight. Although a different reasonable jury might have preferred Mr. Quan's testimony over the Plaintiff's, the court cannot conclude that it would be manifestly against the weight of the evidence to accept Plaintiff's version of events. The jury was entitled to credit Plaintiff's testimony that the ladder failed in normal use over Mr. Quan's testimony that it could not have done so.

### 2. Plaintiff's Counsel's Misconduct Was Insufficiently Prejudicial to Warrant a New Trial.

A court can also order a new trial if it finds that opposing counsel engaged in misconduct that "so permeated the trial as to lead to the conclusion the jury was necessarily influenced by passion and prejudice in reaching its verdict." Cooper v. Firestone Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir. 1991). The court has broad discretion in determining the prejudicial impact of counsel's misconduct. Hemmings v. Tidyman's Inc., 285 F.3d 1174, 1192 (9th Cir. 2002).

KLI points to two varieties of misconduct. The first requires little discussion. When examining Mr. Leonard, Plaintiff's counsel elicited testimony suggesting that the American National Standards Institute ("ANSI") standard that the KLI ladder met had not

ORDER – 5

been adopted by the Occupational Safety and Health Administration ("OSHA") for ladders used in the workplace. The suggestion was weak at best, as Mr. Leonard initially merely stated that OSHA regulations apply "for workmen in the workplace" and did not address whether OSHA regulations incorporated ANSI standards. Leonard Test. at 98. KLI's counsel brought the issue into focus when he asked on cross examination: "[D]id you testify a moment ago that the OSHA [regulation] does not apply to a[n] [ANSI] type III ladder?" Id. at 99-100. Mr. Leonard responded: "That's my opinion, because it's called a household ladder." Id. at 100. When KLI's counsel attempted to use the OSHA regulation to impeach Mr. Leonard, Plaintiff's counsel sought a side bar. The court ruled that the issue was at a "level of minutia" that was unhelpful to the jury. Id. at 101. The court finds that even if Mr. Leonard's testimony misled the jury into believing that OSHA had not adopted the ANSI standard, the error was inconsequential. In reviewing the evidence, there is no reason to believe that the jury would have seized on the OSHA's workplace regulation (which received almost no attention at trial) as a basis for its verdict in a household accident.

KLI's second allegation of misconduct is much more substantial. In the joint pretrial order, the parties stipulated that the ladder Plaintiff used "complied with the standards set forth in ANSI A14.2-1982" (hereinafter "the ANSI standard"). Despite this stipulation, Plaintiff's counsel repeatedly questioned the ladder's compliance with the ANSI standard. During opening statement, he said that although the ladder "allegedly" met the standard, Plaintiff contended that "it does not meet it because, as Mr. Leonard will show you, the ladder failed with a man that was under 200 pounds on the ladder." Opening Statement Tr. at 8. In closing argument, Plaintiff's counsel again questioned the ladder's compliance with the ANSI standard. He began by arguing that Mr. Quan had not performed one of the ANSI standard tests to the ladder. Closing Argument Tr. at 12-13.

ORDER – 6

He then pointed to a pamphlet demonstrating the ANSI standard tests and noted that all of the ladders depicted there had eight rungs in each section, whereas the KLI ladder had only seven rungs. Id. at 14-15.  Finally, Plaintiff's counsel blatantly violated the pretrial order, stating that the ladder "does not comply with ANSI standards.  It does in some respects, but it certainly doesn't comply in configuration, and it doesn't comply in the strength." Id. at 15.  KLI's counsel objected immediately, and the court sustained the objection immediately, stating to the jury that the ladder's compliance with the ANSI standard was "an admitted fact." Id. at 16.

Before analyzing the prejudicial effect of these statements, the court makes several observations.  The first is that the parties do not claim that the court improperly instructed the jury about the import of standards like the ANSI standard.

> Evidence of custom in the product seller's industry, or that the product was in compliance with nongovernmental standards or with legislative regulatory standards or administrative regulatory standards, whether relating to design, construction or performance of the product or to warnings or instructions as to its use may be considered by you.

Jury Instruction No. 22.  The jury therefore understood that the ladder's compliance (or not) with the ANSI standard was not dispositive of KLI's liability.  The second observation is that with the exception of Plaintiff's counsel's final statement, counsel for KLI never objected to any of the statements listed above. See Settlegoode v. Portland Pub. Schs., 371 F.3d 503, 517 (9th Cir. 2004) (noting higher threshold for new trial motion based on misconduct not objected to at trial).  The third observation is that with the exception of counsel's final statement during closing argument and the single mention during opening statement, counsel's comments about the ANSI standard do not violate the pretrial order. Counsel's contention that Mr. Quan had failed to properly perform one of the ANSI tests was permissible, as Mr. Quan's assessment of the ladder with ANSI tests is an issue separate from the ladder's compliance with the ANSI standard.  His

ORDER – 7

argument that the ANSI manual depicted ladders with eight rungs did not violate the pretrial order, as he did not state that the ANSI standard required eight rungs, but rather used the manual to bolster his claim that the KLI ladder should have had one more rung.

With those considerations in mind, the court concludes that plaintiff's counsel's violation of the pretrial order did not "necessarily" cause the jury to render its verdict on an improper basis. KLI placed significant weight on the ANSI standard during trial. The court instructed the jury that the ladder's compliance with the ANSI standard was another piece of evidence to be considered. A reasonable jury could have given the ANSI standard less importance than the contrast between Plaintiff's version of the ladder's collapse and Mr. Quan's testimony. Moreover, counsel's final (and most blatant) violation of the pretrial order was met with a contemporaneous objection and the court's instruction to the jury that the ladder's compliance with ANSI was an admitted fact. See United States v. Randall, 162 F.3d 557, 559 (9th Cir. 1998) ("Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments, because juries are presumed to follow such cautionary instructions."). The last word that the jury heard on the subject was the court's statement that the KLI ladder in question met the standard. Under these circumstances, the court declines to order a new trial.[1]

---

[1] Although the court declines to award a new trial, it does not minimize the seriousness of Plaintiff's counsel's violation of the pretrial order. Counsel took the unusual step of admitting, in opposing KLI's post-trial motions, that he intentionally argued to the jury that the ladder did not meet ANSI standards. Counsel states that he violated the pretrial order because of Mr. Quan's alleged admission during cross-examination that he had not performed the ANSI dynamic load test from the proper rung of the ladder. Counsel argues that he stipulated that the ladder met ANSI standards based on Mr. Quan's pretrial representations that he had performed ANSI tests on the ladders, and that his alleged discovery of evidence to the contrary somehow justifies his decision to violate the pretrial order.

Even if the court accepts as true that counsel discovered a misrepresentation on Mr. Quan's part, the court finds this to be absolutely no justification for violating the parties'

ORDER – 8

**C.     Plaintiff is Entitled to Limited Costs Under 28 U.S.C. § 1920.**

The court now turns to Plaintiff's motion for costs. KLI concedes that Plaintiff is a prevailing party entitled to costs under Fed. R. Civ. P. 54(d)(1). Plaintiff requests $2,942.77 in costs. Although 28 U.S.C. § 1924 requires a party claiming costs to attach an affidavit providing evidence that each item of cost is "correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed," Plaintiff has provided no evidence supporting its costs request. See also Local Rule W.D. Wash. CR 54(d)(1). Although the $150 filing fee for Plaintiff's action and the $20 docketing fee are undisputed items of cost, there is no evidence supporting Plaintiff's request for deposition costs, printing costs, witness fees, service costs, and photocopying fees. See, e.g., Yasui v. Maui Elec. Co., 78 F. Supp. 2d 1124, 1128 (D. Haw. 1999) (denying photocopy costs where party submitted no evidence detailing the per-copy rate). The court therefore awards costs of $170.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES KLI's post-trial motions (Dkt. ## 69, 91), and GRANTS Plaintiff's motion for costs in part (Dkt. # 83).

DATED this 20th day of June, 2005.

JAMES L. ROBART
United States District Judge

---

stipulation in the pretrial order. If counsel believed that he had been hoodwinked into stipulating to the ladder's compliance with the ANSI standard, then he should have brought those concerns to the curt before blatantly violating the pretrial order in front of the jury.

ORDER – 9